IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUDEL REYNOSO-RODRIGUEZ,

    Petitioner,               No. CIV S-08-0321 MCE KJM P

    vs.

JANET NAPOLITANO, et al.,

    Respondents.          ORDER

                              /

        Petitioner is in the custody of the Secretary of the Department of Homeland Security and the Attorney General of the United States and their employees and agents. He has filed an application for a writ of habeas corpus under 28 U.S.C. § 2241.[1] Petitioner claims he is

---

[1] Section 2241 reads:

    (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. The order of a circuit judge shall be entered in the records of the district court of the district wherein the restraint complained of is had.

    (b) The Supreme Court, any justice thereof, and any circuit judge may decline to entertain an application for a writ of habeas corpus and may transfer the application for hearing and determination to the district court having jurisdiction to entertain it.

continued . . .

being unlawfully detained as a result of the U.S. Immigration and Customs Enforcement's (ICE) misapplication of provisions of 8 U.S.C. §§ 1226 and 1231.  Respondents' motion to dismiss (docket no. 15) is now before the court.  Oral argument was heard on the motion on February 25,

/////

---

(c) The writ of habeas corpus shall not extend to a prisoner unless–
(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring him into court to testify or for trial.

(d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination

(e)(1) No court, justice, or judge shall have jurisdiction to hear or consider an application for a writ of habeas corpus filed by or on behalf of an alien detained by the United States who has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

(2) Except as provided in paragraphs (2) and (3) of section 1005(e) of the Detainee Treatment Act of 2005, no court, justice, or judge shall have jurisdiction to hear or consider any other action against the United States or its agents relating to any aspect of the detention, transfer, treatment, trial, or conditions of confinement of an alien who is or was detained by the United States and has been determined by the United States to have been properly detained as an enemy combatant or is awaiting such determination.

2009, with Andrey Hemesath appearing for respondents and Carolyn Wiggin appearing for petitioner.

Petitioner is a legal resident alien. In February 2007, the government obtained a final order of removal against him. See Pet. at 3. Petitioner has appealed that order, and the Ninth Circuit has issued a stay of his removal while his appeal of the final removal order is pending. Id.

Petitioner has been in the custody of respondents since June 2, 2006. He petitioner filed his petition in February 2008, alleging his continued detention is unlawful under 8 U.S.C. §§ 1226 and 1231 and demanding that he be given a conditional release on bond until the Ninth Circuit decides his appeal, or in the alternative, that the court order a hearing before an Immigration Judge (IJ) to evaluate petitioner's eligibility for supervision under appropriate conditions." Pet. at 9. Petitioner does not seek any relief that would affect the final order of removal that is now before the Ninth Circuit. If he did, this court would not have jurisdiction to rule on his petition. 8 U.S.C. § 1252(b)(9). However, this court does have jurisdiction to hear legal challenges collateral to a final order of removal, such as those levied by an alien against the Attorney General's detention authority, through a petition for habeas corpus. See Nadarajah v. Gonzalez, 443 F.3d 1069 (9th Cir. 2006).

On July 25, 2008, approximately five months after the instant petition was filed, the Ninth Circuit handed down its opinion in Casas-Castrillon v. Dep't of Homeland Security, 535 F.3d 942 (9th Cir. 2008). Casas-Castrillon concerned a § 2241 petition similar to this one. The petitioner there was an alien with a final order of removal pending on appeal before the Ninth Circuit. As is the case here, the petition in Casas-Castrillon did not challenge the order of removal; rather, it sought a hearing to contest the necessity of the alien's continued detention while he awaited the outcome of his appeal of the order of removal. The Ninth Circuit found that once an alien's removal proceedings before the Board of Immigration Appeals (BIA) were complete, the Attorney General's authority to hold the alien was no longer mandatory under 8

U.S.C. § 1226(c). Instead, it was discretionary under 8 U.S.C. § 1226(a). See Casas-Castrillon, 535 F.3d at 948. The court held that under § 1226(a), "prolonged detention of aliens is permissible only where the Attorney General finds such detention individually necessary by providing the alien with an adequate opportunity to contest the necessity of his detention." Id. at 951. An individual hearing on the alien's dangerousness or flight risk is therefore required to establish a record justifying continued custody, if such custody can be justified. In particular, "an alien is entitled to release on bond unless the 'government establishes that he is a flight risk or will be a danger to the community.'" Id.

Petitioner in this case received a hearing before an IJ, pursuant to Casas-Castrillon, on November 19, 2008. See Mot. at 1. The IJ denied bond, finding petitioner to be a danger to the community. Id. The government now moves to dismiss the petition, arguing that the fact that a hearing took place before the IJ – a remedy the petition demands as an alternative form of relief -- renders the entire petition moot. Id. Petitioner responds his petition should not be dismissed because the hearing before the IJ did not meet the requirements of due process. He states three bases for his due process argument: (1) the burden of proof was improperly shifted from the government to petitioner; (2) the government was not required to meet the correct burden of proof; and (3) the IJ did not make an adequate record of the bond hearing. See Opp'n at 10. The government's reply argues petitioner has not administratively exhausted any due process challenges to the IJ hearing, and therefore habeas review under § 2241 is not yet appropriate for the challenges. See Reply at 1. The government also argues there is no merit in petitioner's due process challenges. Id. at 3.

At hearing on the government's motion to dismiss, the court questioned petitioner's counsel regarding whether the due process arguments now levied in opposition to the motion actually are presented in the petition and, consequently, whether the court can hear them. Petitioner's counsel responded that the arguments are inherent in the petition and thus properly before the court. Having carefully considered the question, the court agrees. The petition relies

4

heavily on Tijani v. Willis, 430 F.3d 1241 (9th Cir. 2005), which is the touchstone for the Ninth Circuit's opinion in Casas-Castrillon. Casas-Castrillon elaborates on the statutory basis of the decision in Tijani, and Casas-Castrillon's reliance on Tijani is extensive enough that it would be fair to refer to the hearing mandated by Casas-Castrillon as a Tijani-Casas-Castrillon hearing. Indeed the concluding paragraph of Casas-Castrillon states that the habeas relief sought by the petitioner in that case should be granted because it was unclear "whether the government has afforded him a bond hearing that complies with the requirements of Tijani." Casas-Castrillon, 535 F.3d at 952. Therefore, when the petition in this case makes a claim for a hearing under Tijani, the claim is fairly construed as making a claim for the same relief granted in Casas-Castrillon five months after this petition was filed.

On the question of mootness, the government would be correct, and dismissal would be proper, if the court found that "a bond hearing that complies with the requirements of Tijani" had occurred. But neither Tijani nor Casas-Castrillon is entirely clear as to what the due process "requirements" of such a hearing actually are. Casas-Castrillon says only that the alien is entitled to "an adequate opportunity to contest the necessity of his detention," id. at 951, and incorporates Tijani's statement that an IJ should grant bail "unless the government establishes that he is a flight risk or will be a danger to the community." Id. at 952. The word "establishes" suggests the government has some burden to carry, but nothing in Casas-Castrillon clarifies whether it is a burden of proof, production or persuasion, or some combination thereof. Tijani itself is short on specifics: the majority opinion is three paragraphs long, and its mandate to the government is simply to "establish" a reason for ongoing detention. Tijani, 430 F.3d at 1242. The concurring opinion laments this lack of guidance, noting that the majority opinion "barely alludes to the standards that should govern the conduct of such a hearing, or what facts must be established in order to warrant the grant or denial of release, or who has the burden of proving those facts, and by what standard of proof." Id. at 1243. The type of standards the concurrence references are precisely those that would assist this court in deciding the motion to dismiss.

5

Nevertheless, one thing is clear: the mere occurrence of the hearing before the IJ in November 2008 does not moot this petition. A bond hearing that complies with the requirements of Tijani, must also have some requirements of due process; the pending petition is moot only if the IJ's hearing met them. Casas-Catrillon, 535 F.3d at 952. To decide the mootness question, the court will need to decide whether the three errors petitioner alleges rendered the hearing constitutionally deficient. If it is to reach that question, however, the court must pass on the other threshold question, i.e., whether the petition should be dismissed because the constitutional claims have not yet been exhausted.

At hearing, petitioner's counsel informed the court and opposing counsel that petitioner had filed an appeal of the IJ's decision and that the appeal was still pending before the BIA. The government reiterated its position that the exhaustion requirement still was not met, but also stated it did not oppose a stay of this matter pending consideration of the BIA appeal, a concession the court construes as a waiver of the exhaustion requirement. See Arango Marquez v. I.N.S., 346 F.3d 892, 897 (9th Cir. 2003) (in habeas cases brought under § 2241, administrative exhaustion is not a jurisdictional prerequisite and may be subject to waiver).

Petitioner's counsel clarified her position that exhaustion in the context of immigration detention decisions is discretionary. To a certain extent she is correct. "Where Congress specifically mandates, exhaustion is required. But where Congress has not clearly required exhaustion, sound judicial discretion governs." Tam v. I.N.S., 14 F.Supp.2d 1184, 1189 (E.D.Cal. 1998). Section 2241 on its face does not specifically require exhaustion; therefore, the court has discretion in deciding questions of exhaustion that in a § 2254 case would not be subject to the court's discretion. See Arango Marquez, 346 F.3d at 897 (on issues of exhaustion, "the requirements of § 2241 are not to be confused with § 2254"). Courts understandably have balked at interrupting administrative proceedings such as those now pending before the BIA, regardless of whether those proceedings satisfy an exhaustion requirement. See, e.g., Duong v.
/////

I.N.S., 118 F.Supp.2d 1059, 1063-64 (S.D.Cal. 2000). Requiring exhaustion is still, as a general rule, the preferred course.

The government cites the Ninth Circuit's prudential statement that "the petitioner must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal. . . ." Rojas-Garcia v. Ashcroft, 339 F.3d 814, 819 (9th Cir. 2003). The last clause of this statement bears emphasizing, because the BIA's jurisdiction to review an IJ's decision made in a Casas-Castrillon hearing is very much in doubt. Casas-Castrillon introduced a new species of immigration hearing, the post-final order of removal detention hearing, that does not have any clear taxonomy in the federal government's regulatory scheme.[2] In those immigration proceedings for which there is clear regulatory foundation and the BIA's jurisdiction is well established, "the BIA does have the authority to reopen cases to fix administratively correctable procedural errors, even when these errors are failures to follow due process." Liu v. Waters, 55 F.3d 421, 426 (9th Cir. 1995). If the BIA finds it does have jurisdiction to hear this petitioner's appeal of the IJ's decision, and if the BIA agrees with the petitioner, the BIA may be able to remedy the constitutional errors he has alleged without this court preempting those administrative proceedings with its own ruling. At the very least, a decision from the BIA will give the court a more complete record than it has before it now.

In light of the unusual procedural circumstances presented by the instant petition, given the government's waiver of the exhaustion requirement and the discretion inherent in the court's enforcement of that requirement under § 2241, the court will stay consideration of the

---

[2] In Casas-Castrillon, the Ninth Circuit said the process the petitioner received had "fall[en] far short of the procedural protections afforded in ordinary bond hearings, where aliens may contest the necessity of their detention before an immigration judge and have an opportunity to appeal that determination to the BIA." Casas, 535 F.3d at 951-52. This seems a clear expression of the Ninth Circuit's assumption that an appeal of an IJ order continuing custody would be appropriate for an alien denied bond. However, the regulation that Casas -- and the government in this case -- cites as an ordinary avenue of review relates only to appeals brought before final removal orders are entered. See 8 C.F.R. § 1236.1(d).

7

motion to dismiss and hold it in abeyance, pending the BIA's decision on the petitioner's appeal. The parties will be directed file a joint status report every thirty days informing the court of the status of the proceedings before the BIA.

Accordingly, IT IS HEREBY ORDERED that this matter is stayed, pending a decision on petitioner's appeal of the Immigration Judge's decision by the Board of Immigration Appeals.

IT IS FURTHER ORDERED that:

1. The parties shall file a joint status report every thirty days, beginning thirty days from the entry of this order, informing the court of the status of the proceedings before the Board of Immigration Appeals.

2. Petitioner shall notify the court of any decision by the Board of Immigration Appeals within ten days of such decision.

DATED: April 2, 2009.

_____
U.S. MAGISTRATE JUDGE

4
reyn0321.stay