IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAUDEL REYNOSO-RODRIGUEZ,

    Petitioner,                No. CIV S-08-321 MCE KJM P

    vs.

JANET NAPOLITANO, et al.,

    Respondents.         ORDER

                                /

            By order of April 3, 2008, the court stayed resolution of the respondents' motion to dismiss, pending a decision on petitioner's appeal of the denial of bond to the Board of Immigration Appeals (BIA). The court further ordered the petitioner to notify the court of any decision by the BIA. On April 10, 2009, the petitioner complied with the order by notifying the court that the BIA had dismissed his appeal as untimely and that he would file a motion to reconsider that decision. See docket no. 24. The petitioner also requests that the stay be lifted and the motion to dismiss be denied. Id.

            The respondents have filed a memorandum in renewed support of their motion to dismiss. See docket no. 25. They agree that the stay should be lifted. Id.

            Neither party in this case addresses the effect of the petitioner's impending motion to reconsider on the finality of the proceedings before the BIA. Neither party cites any

1

regulatory provision defining when BIA proceedings become final, nor is the court aware of any. It is possible that the BIA may grant the petitioner's motion to reconsider and hear the merits of the appeal. The court's prudential approach in imposing the stay was based primarily on a reluctance to preempt the BIA proceedings and the possibility that a fuller record would be produced by the appeal.[1] Continuing the stay until the motion to reconsider is decided furthers those goals.

Accordingly, IT IS HEREBY ORDERED that the stay imposed by the court on April 3, 2009, remains in place. The parties remain obligated to file a joint status report every thirty days from the entry of this order, informing the court of the status of the proceedings before the Board of Immigration Appeals. The petitioner shall notice the court of any decision by the Board of Immigration Appeals on the motion to reconsider within ten days of such decision.

DATED: April 27, 2009.

_____
U.S. MAGISTRATE JUDGE

4
reyn0321.stay2

---

[1] The court's decision to impose a stay also was based on the respondents' concession that a stay allowing for completion of the BIA process was appropriate. Without clear authority stating otherwise, as noted, the court must construe the impending motion to reconsider as an indication that the BIA process is incomplete.

2