LAWRENCE G. BROWN
United States Attorney
AUDREY B. HEMESATH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2729

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUDEL REYNOSO-RODRIGUEZ, | No. 08-cv-S-321 MCE KJM |
| Petitioner, | OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS |
| v. | |
| Michael Chertoff, et. al., | |
| Respondents. | |

On September 28, 2009, the Magistrate Judge issued Findings and Recommendations recommending that the government's motion to dismiss be denied, that Petitioner be granted a new hearing before an Immigration Judge to correct the constitutional errors of the preceding Immigration Judge bond hearing. For the following reasons, the government maintains its position that the bond hearing Petitioner received was adequate, that any errors in that proceeding were corrected on review by the Board of Immigration Appeals, and that, because Petitioner received a constitutionally adequate bond hearing, the petition for writ of habeas corpus is moot.

**I.     BACKGROUND.**

The government concurs with the background summary provided in the Findings and Recommendations.

The only additional fact the government wishes to emphasize to the Court is that Mr. Reynoso was on the cusp of being removed, actually en route toward the border, when he filed his request for a stay of removal in conjunction with his Ninth Circuit petition for review in 2008. *See* Ninth Circuit docket no. 08-72342.

Therefore, while it is correct—as the Findings and Recommendations point out—that Mr. Reynoso has been in Immigration and Customs Enforcement in excess of the six-month time frame established by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001), this remains a case where it is Mr. Reynoso's obtainment of a judicial stay of removal that is preventing the execution of that warrant of removal.  His is not a case where the length of detention is related to difficulties of diplomacy or unusual circumstances or any reason other than the Ninth Circuit stay.  Upon the lifting of this stay, it is expected that Immigration and Customs Enforcement will once again seek to promptly execute the warrant of removal.

### II. PETITIONER IS UNABLE TO DEMONSTRATE PREJUDICE FROM THE ALLEGED CONSTITUTIONAL ERRORS.

In compliance with the Ninth Circuit's intervening decision in *Casas-Castrillon* and *Prieto-Romero*, both decided after Mr. Reynoso first filed his petition for writ of habeas corpus, Mr. Reynoso has received both a bond hearing before the Immigration Judge and an administrative appeal of the denial of bond to the Board of Immigration Appeals.  *Casas-Castrillon v. Dept. of Homeland Sec.*, 535 F.3d 942 (9th Cir. 2008); *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008).  The government moved to dismiss the habeas petition as now moot—the requirements of these cases having been met—and Mr. Reynoso amended his petition to challenge the bond hearing itself on due process grounds.

The Findings and Recommendations recommend denial of the motion to dismiss and the ordering of a new bond hearing based upon the constitutional inadequacy of the *Casas* hearing Mr. Reynoso has already received.  The Findings and Recommendations focus on two shortcomings: that the Immigration Judge misplaced the burden of proof on Mr. Reynoso to demonstrate that he is not a danger to the community, and that the Immigration Judge did not hold the government to the more demanding "clear and convincing" standard of proof.

The government maintains its argument that the Board of Immigration Appeals corrected any error in the Immigration Judge bond proceedings such that the proceedings should be found to be constitutionally adequate, and the petition for writ of habeas corpus dismissed as moot.

### A. BURDEN OF PROOF.

*Casas-Castrillon* establishes that the burden of proving dangerousness should fall to the government, rather than as the Immigration Judge suggested in this case, that the alien prove he is not a danger. *Casas-Castrillon*, 534 F.3d at 952. The government has conceded this error in the Immigration Judge bond proceedings.

This concession is of course logical in light of the fact that the Board of Immigration Appeals noted the problem with the burden of proof in its written decision affirming the denial of bond. *See* Board of Immigration Appeals Decision, June 8, 2009 (Attachment A to Docket Entry 28-2). The Board nevertheless found that the error was harmless. The harmless error analysis was correct and appropriately applied in this case. *See Lata v. INS*, 704 F.3d 1241 (9th Cir. 2000) (alien must show substantial prejudice, a demonstration that the alleged violation affected the outcome of the proceeding); *accord Muhur v. Ashcroft*, 355 F.3d 958 (7th Cir, 2004) (criticizing the immigration agencies for excusing error by claiming a lack of resources, and indicating that the Immigration Judge made a "clear error of law" that should have been corrected by the Board).

Having identified the error, the Board in this case went on to conduct a de novo review of Petitioner's dangerousness. The Board reviewed the factual history of the case as relates to dangerousness and concluded that even allocating the burden of proof to the government, release on bond was not warranted as Mr. Reynoso is a danger to the community. This correction should be adequate to overcome the improper allocation of the burden of proof.

The Findings and Recommendations do not offer a final recommendation on the burden of proof issue. Instead, the Findings and Recommendations find the subsequent "clear and convincing" issue to be so erroneous as to warrant the recommendation for a new hearing with burden of proof allocated to the government and the standard of proof as "clear and convincing." Because the government disagrees that a "clear and convincing" standard is mandated in *Casas* bond redetermination hearings, the government reasserts its position that the Board adequately corrected the error in the burden of proof such that the administrative proceedings were not constitutionally defective.

**B. CLEAR AND CONVINCING**

The Findings and Recommendations recommend that this Court impose a judicially-created "clear and convincing" standard of proof on all *Casas*-required post-order detention bond hearings. Finding that standard not met in this case, the Findings and Recommendations recommend requiring a new Immigration Judge bond hearing that satisfies the newly-created standard of proof.

The government disagrees that the "clear and convincing" standard of proof is constitutionally required, and disagrees that even if this standard may be the appropriate measure of proof in these bond hearings, that the Board of Immigration Appeals did not conduct the appropriate appellate review.

There is no existing Ninth Circuit precedent on the required standard of proof in *Casas*–mandated post-order detention bond hearings. *See Casas-Castrillon*, 535 F.3d at 952 (establishing that the government bears the burden of proving dangerousness, but silent on the question of the appropriate standard of proof). There is no statutory or regulatory authority specifying the standard of proof. *See* 8 C.F.R. §§ 1003.19(a), 1236.1 (no standard of proof set forth); *Matter of De La Cruz*, 20 I&N Dec. 346, 360 (BIA 1991) (dissenting opinion) ("this Board has never stated what the burden of proof is in determining whether a person is a flight risk."). *See also* 8 C.F.R. § 1003.1(g) (Board decisions carry the same weight as regulations).

To prevail on his claim of a constitutionally inadequate bond hearing, Petitioner must establish a clear constitutional right to the "clear and convincing" standard of proof. Without Ninth Circuit or statutory or regulatory precedent, the Findings and Recommendations read such a constitutional right in, based upon analogies to civil commitment proceedings. *See Foucha v. Louisiana*, 504 U.S. 71 (1992); *Addington v. Texas*, 441 U.S. 418 (1979). The government strongly disagrees that the liberty interests in these civil commitment cases are appropriately analogous to the liberty interests at stake in the *Casas* post-order detention cases. In *Foucha*, in *Addington*, and even in *Zadvydas*, the liberty interest revolved around concerns of indefinite detention. Detention that would be ended only with a return of sanity, or in the immigration context, a sea change in the diplomatic relationship of the United States and the country in

question.

In *Casas-Castrillon* cases, however, the liberty interest is not the same. While the alien is indisputably deprived of liberty in excess of the six-month *Zadvydas* period, the detention is not potentially indefinite. The length of detention will be the length of the Ninth Circuit stay of removal. Typically, then, the length of detention will be the amount of time it takes to resolve the Ninth Circuit petition for review. *See Casas-Castrillon*, 535 F.3d at 951. The detention is also partially within the control of the petitioner. Should the petitioner at any point wish to abandon the stay of removal, he could do so and effectively end his detention by conceding to removal. While the government recognizes that pursuit of a circuit court petition for review and the accompanying stay of removal and within the statutory rights of petitioner, and that the Ninth Circuit in *Casas* determined that the liberty interest of such petitioners required an Immigration Judge bond hearing, the government disagrees that it is appropriate to borrow the standard of proof from the civil confinement or quasi-criminal detention contexts.

Instead, this Court should refrain from establishing a new constitutional right to proof of dangerousness by "clear and convincing" evidence where such a right has not previously been recognized, and such constitutional analysis is not necessary for the resolution of this case. The decision of the Board of Immigration Appeals cites the board discretion of the Immigration Judge in deciding the factors that he may consider in custody redetermination and the discretion held by the Immigration Judge in weighing these factors. *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006). The overarching question in reviewing an Immigration Judge bond decision is reasonableness. *See id.* Here, the Board conducted a de novo review of the factors of this case. The Board recognized the evidence presented by Petitioner in his favor, but balanced against the negative factors in the case, agreed that the dangerousness determination was reasonable.

Against this backdrop of broad discretion and a reasonableness standard of review, it is unnecessary to decide whether the Constitution requires that dangerousness be established by the government by "clear and convincing" evidence. Petitioner cannot establish prejudice where the Board conducts a de novo review of all the evidence presented, articulates its weighting of that evidence, and affirms the no-bond determination. *See Lata*, 220 F.2d at 1096-96. Petitioner

cannot establish that the outcome would have been different has the government been held to an articulated "clear and convincing" standard, or that the government failed to meet that standard in the proof offered.

In sum, where there has been a de novo review of the factors found by an Immigration Judge to warrant continued detention, an affirmance of that detention determination in light of those factors, and no existing requirement that proof be by "clear and convincing" evidence, the Court should refrain from reading such a requirement in, in particular where there has been no showing of prejudice by the petitioner.

### III. CONCLUSION

The petition for writ of habeas corpus should be dismissed as moot because Petitioner received a constitutionally adequate bond hearing before an Immigration Judge, and reviewed by the Board of Immigration Appeals, as dictated by *Casas-Castrillon*. 535 F.3d at 952.

In the alternative, and to the extent it is necessary to establish a standard of proof in *Casas* cases, the case should be remanded not to the Immigration Judge for a new bond hearing, but to the Board of Immigration Appeals to articulate the standard of proof in the first instance. It is the Board that has the expertise in immigration bond proceedings, and it is the Board that should analyze the appropriateness of a heightened standard of proof.

Respectfully submitted,

Dated: October 15, 2009

LAWRENCE G. BROWN
United States Attorney

By:   /s/Audrey Hemesath
Audrey B. Hemesath
Assistant U.S. Attorney
Attorneys for the Respondents

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28